UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ABRIAN FAVORS and
SHOWCASING MEDIA,

           Plaintiffs,

v.                                               Case No. 21-12387

ISABELLA CASILAS GUZMAN, and
KELSEY D. DAVIS,

           Defendants.
_____/

**OPINION AND ORDER DISMISSING CASE WITHOUT PREJUDICE**

On October 8, 2021, Plaintiff Abrian Favors filed a complaint *pro se* against Isabella Casilas Guzman, the Administrator of the United States Small Business Administration ("SBA"), and Kelsey D. Davis, a Loan Specialist in the SBA's Office of Disaster Assistance, in their individual and official capacities. (ECF No. 1, PageID.4.) Plaintiff alleges violations of the Fifth and Fourteenth Amendment. (*Id.*, PageID.3.) According to Plaintiff, Defendants "signed a binding . . . contractual agreement" that offered Plaintiff $500,000 in the form of an Economic Injury Disaster Loan to help his small business recover from the economic hardships stemming from the COVID-19 pandemic. (ECF No. 1, PageID.5.)

On March 25, 2022, the court issued an order directing Plaintiff to show cause why the case should not be dismissed for failure to serve or for lack of prosecution. (ECF No. 11.) In its order, the court noted that it "has now been over five months since Plaintiff filed the complaint, and there has been no showing that Plaintiff has properly

served Defendants in this action." (*Id.*, PageID.40.) The court explained that there was "no indication that Defendants actually received the documents or that he attempted to serve the United States under Rule 4(i)." (*Id.*) Plaintiff was required to provide a response to the court's order, in writing, by April 8, 2022. (*Id.*, PageID.41.) Subsequently, Plaintiff contacted the court and requested an extension of time; the court granted the request, and he was required to file a response by April 22, 2022. *See* Fed. R. Civ. P. 4(i)(4) (requiring that a court allow a reasonable time to cure service deficiencies under Rule 4(i)).

In response to the show cause order, Plaintiff filed a "Motion for Good Cause that the Case Against the Defendants for Failure to Respond to Complaint Should not be Dismissed." (ECF No. 12.) Plaintiff explained that he attempted to serve Defendants Guzman and Davis via United States Postal Service Certified Mail. He contends that, under Federal Rule of Civil Procedure 5(b)(2)(C), a party may serve a paper by "mailing it to the person's last known address." (*Id.*, PageID.43.) Plaintiff further explained that the "proof of service mailing was attached to the plaintiff's complaint," but the clerk of the court did not separate documents that "would have shown that the plaintiff followed the . . . proof of service requirement." (*Id.*, PageID.42.) Nothing before the court or attached to Plaintiff's response, however, evinces proper service in this case.

Plaintiff brings this action against Defendants in their individual and official capacities as employees or officers of an agency of the United States, and the court made clear there were apparent deficiencies with his service of process in this case under Rule 4. (ECF No. 11, PageID.40.) As the court stated in its show cause order, Plaintiff was required to serve the summons and complaint on Defendants and the

2

United States in compliance with Federal Rule of Civil Procedure 4(i). Rule 4(i)(3) states:

> To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

*See* Fed. R. Civ. P. 4(i)(3); *see also* Fed. R. Civ. P. 4(i)(2) (requiring service on the United States where party sues an officer or employee only in an official capacity). Plaintiff was required to serve the United States by abiding by the following requirements:

> (1) To serve the United States, a party must:
>
>> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought— or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>>
>>> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>>
>> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>>
>> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1). To date, there is no indication that Plaintiff attempted to serve the United States pursuant to this rule, and he provides no explanation as to why he has failed to do so. Significantly, Plaintiff did not even express an intent to do so in his response to the court's show cause order, despite the previous order putting him on notice of Rule 4(i). Moreover, Plaintiff has renewed his request for the entry of default

3

against Defendants for failure to appear in this action, but Plaintiff still has not demonstrated that the summonses and complaint have actually been received by Defendants Guzman and Davis.[1] (*See* ECF No. 10; ECF No. 11, PageID.40.) Thus, as previously explained, the court will dismiss the action without prejudice because it is clear that Defendants have not been properly served within ninety days of the complaint's filing. *See* Fed. R. Civ. P. 4(m). Six months have passed, and Plaintiff has not shown good cause as to his failure to properly effectuate service in this action. *See Walker v. Donahoe*, 528 F. App'x 439, 440 (6th Cir. 2013) (affirming dismissal under Rule 4(m) where Plaintiff failed to serve the United States as required by Rule 4(i)); *accord Evans v. Comm'r*, No. CIV. 13-64-ART, 2014 WL 2795472, at *1 (E.D. Ky. May 30, 2014) (dismissing official capacity suit where a *pro se* plaintiff failed to effectuate service under Rule 4(i) and did not acknowledge prior warning that failure to do so could lead to dismissal). Plaintiff will still have the opportunity to bring this action in the future so long as he follows the proper procedural requirements. Accordingly,

IT IS ORDERED that Plaintiff's complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

                                  s/Robert H. Cleland
                                  ROBERT H. CLELAND
                                  UNITED STATES DISTRICT JUDGE

Dated: April 28, 2022

---

[1] Also, assuming Plaintiff seeks to invoke Michigan or District of Columbia law pertaining to service of process on an individual as permitted by Rule 4(e)(1), these jurisdictions generally require a signed receipt by the addressee to demonstrate proof of service. *See* Mich. Ct. R. 2.105(A)(2) ("Service is made when the defendant acknowledges receipt of the mail."); D.C. Code § 13-431 ("When service is made by mail, proof of service shall include a receipt signed by the addressee or other evidence of personal delivery to the addressee satisfactory to the court.").

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 28, 2022, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\21-12387.FAVORS.DismissingCaseWithoutPrejudice.MAZ.docx